UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN MATELIC,

                                    CIVIL ACTION NO. 12-13523

      Plaintiff,

v.

                                  MAGISTRATE JUDGE R. STEVEN WHALEN

BENNY MENDOZA, ET AL.,

      Defendants.
_____/

**OPINION AND ORDER**

This is an excessive force case brought under 42 U.S.C. § 1983. On May 28, 2019, Defendant David Taft, a City of Melvindale Police Office at the time of the events in question, filed a motion to dismiss under Fed. R. Civ. P. 12(c) on the basis that the claim against him is barred by Michigan's statute of limitations. M.C.L. § 600.5805(2).

For the reasons set forth below, Defendant Taft's motion [Doc. #96] will be GRANTED, dismissing claims against him WITH PREJUDICE.

**I. BACKGROUND FACTS**

In his Amended Complaint, filed December 12, 2016, Plaintiff, a resident of Melvindale, Michigan at the time of the events in question, makes the following allegations.

On September 15, 2011 following a "long history of harassment and misconduct" by Detroit police officer Defendant Benny Mendoza, Mendoza and Melvindale police officer Defendant David Taft entered Plaintiff's apartment, purportedly to serve a warrant and arrest

Plaintiff. *Amended Complaint*, ¶ 9. Plaintiff notes that he later discovered that no warrant had been obtained prior to the arrest. *Id.* Upon entry by the two Defendant officers, Plaintiff turned his back to the officers and placed his hands above his head. *Id.* at ¶ 10. He states that Defendants Mendoza and Taft were joined by two other officers and that additional officers were called to the scene. *Id.* at ¶ 11. Plaintiff states that he was "visibly unarmed," "clearly outnumbered" by several police officers, and did not pose a threat of danger or risk of flight. *Id.* at ¶¶ 12-14. Despite the fact that Plaintiff had his back turned to the officers and hands above his head waiting to be cuffed, Taft used a tasing device to "tase" Plaintiff in the "lower spinal cord." *Id.* at ¶¶ 15-16. Defendant Mendoza then instructed Defendant Taft to tase Plaintiff a second time, after which Plaintiff was tased a second and third time. *Id.* at ¶ 16. Plaintiff notes that at no point did he receive a verbal warning before being tased. *Id.* at ¶ 17. As a result of the multiple, close range tasings, Plaintiff required inpatient hospitalization. *Id.* at ¶ 19.

Plaintiff alleges that Defendants acted in contradiction of the written policies of both the City of Detroit and the City of Melvindale. *Id.* at. ¶ 18. He asks for declaratory relief as well as damages for the alleged Fourth and Fourteenth Amendment violations.

## II. STANDARD OF REVIEW

A motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) of the Federal Rules of Civil Procedure is subject to the same standards of review as a Rule 12(b)(6) motion

to dismiss for failure to state a claim upon which relief can be granted. *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir.1998). Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." Rule 12(b) also provides that if, on consideration of a motion under paragraph (6), "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 (summary judgment)." " In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001). If the facts set forth in the complaint show that "relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim...." *Jones v. Bock*, 549 U.S. 199, 215 (2007).

### III.  DISCUSSION

Defendant Taft argues that the claims against him related to the September 15, 2011 events are barred by Michigan's three-year statute of limitations. *Plaintiff's Brief,* 3 [ECF No. 96, PageID.664]. He notes that while the present action was filed in this Court on August 9, 2012, he was not added as a defendant until December 12, 2016.

The statute of limitations for claims under 42 U.S.C. § 1983 is established with reference to the statute of limitations for personal injury claims in the state where the case arises. *Wilson v. Garcia*, 417 U.S. 261, 272 (1985). In Michigan, the statute of limitations for personal injury claims is three years. See M.C.L. § 600.5805(2). "Under federal law the

statute begins to run when plaintiffs knew or should have known of the injury which forms the basis of their claims." *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001). Plaintiff knew of his injuries on September 15, 2011. The statute of limitations was long expired by the time Taft was added as a Defendant in December, 2016.

In response, Plaintiff contends that the statute of limitations was tolled by the City of Detroit's bankruptcy petition. *Response,* 4 [ECF No. 98, PageID.673]. He notes that after filing suit on August 9, 2012, the case was administratively closed on August 14, 2013 and not reopened on January 7, 2015. He also contends that tolling is applicable because the ability to move forward with his claim was hampered by his *pro se* status until November, 2016 and Defendants' refusal to "provide discovery and/or identify Defendant Taft," until he threatened to retain counsel. *Id.* He points out that Defendant Taft was added as a Defendant in December, 2016 less than six weeks after retaining counsel. *Id.*

The fact that the case was administratively closed due to the City of Detroit's bankruptcy petition between August 14, 2013 and January 7, 2015 does not rescue Plaintiff's claims against Defendant Taft. The excessive force claims accrued on September 15, 2011, and the statute of limitations, under ordinary circumstances, would have run three years later, on September 15, 2014. Under the Bankruptcy Code, if a statute of limitations for continuing a civil action expires during a bankruptcy stay, the statute of limitations period is extended 30 days after the notice of termination or expiration of the stay. 11 U.S.C. § 108(c)(2). Because the statute of limitations on the claims against Defendant Taft expired during the

stay, Plaintiff had thirty days after notice that the stay was lifted to bring suit. At best, the limitations period extended to 30 days after the case was reopened. *See Estate of Kevin Ivie v. Clark*, 2016 WL 795899, at *2 (E.D.Mich. February 29, 2016)(Edmunds, J.)(Because the statute of limitations on Plaintiff's claims expired during the stay, Plaintiff had thirty days after notice that the stay was lifted to bring suit"). To avoid dismissal, Plaintiff was required to add Defendant Taft by February 6, 2015. Even assuming that the statute of limitations was tolled for the entire 511 days that the case was administratively closed, Plaintiff's failure to add Defendant Taft until December 12, 2016 (820 days after the original expiration date of September 15, 2014) mandates dismissal.

Further, Plaintiff's claim that he is entitled to equitable tolling due to "disability" and "lack of information" does not rescue the claims against this Defendant. State tolling rules apply to § 1983 actions. *Davis v. Cox*, 2019 WL 1783066, at *5 (E.D.Mich.March 29, 2019)(*citing McCune v. Grand Rapids*, 842 F.2d 903 (6th Cir. 1988); *Covington v. Winger*, 562 F. Supp. 115, 118 (W.D. Mich. 1983)). "'[I]n Michigan, equitable tolling does not exist except as provided by statute.'" *Id.* (*quoting Citizens Bank v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.*, 2012 WL 5828623, at *8 fn. 4 (E.D. Mich. July 6, 2012). Plaintiff has not provided a statutory basis to apply equitable tolling. *Id.* (*quoting Weathers v. Holland Police Dep't,* 2015 WL 357058, at *5 (W.D. Mich. Jan. 27, 2015)).

Plaintiff's citation to the federal standard for equitable tolling, even if applicable, is unavailing. "The federal courts sparingly bestow equitable tolling." *Graham-Humphreys v.*

*Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000). "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Id.* at 560–61. The five factors to be used "when determining the appropriateness of equitably tolling a statute of limitations: 1) lack of notice of the filing requirement; 2) lack of constructive knowledge of the filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the defendant; and 5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement." *Id.* (Internal quotations omitted).

None of the factors can be applied to the tardy addition of Defendant Taft to the action. Plaintiff's *pro se* status prior to obtaining council in November, 2016 does not constitute a "disability" in support of equitable tolling. "'We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.'" *Id.* (*quoting McNeil v. United States* 508 U.S. 106, 113 (1993)). Plaintiff's argument on this point is particularly weak given that he was able to file a timely complaint against one of the two Defendants.

For overlapping reasons, Plaintiff's claim that he was unable to ascertain Defendant Taft's identity due to obfuscation by the Melvindale Police Department does not provide a basis for equitable tolling. The original incident report created by the Melvindale Police Department mentions Defendant Taft by name and places him at the scene of events. [ECF No. 99-1, PageID.683]. Plaintiff provides no explanation of how he was able to identify

Defendant Mendoza (referenced along with Defendant Taft in a supplemental incident report) in the initial complaint but not able to identify Taft until over five years after the September, 2011 incident. Tellingly, in response to a February 3, 2015 motion to compel discovery by Plaintiff, counsel for Defendant Mendoza provided a copy of June 24, 2013 correspondence indicating that as of that date, Plaintiff was provided a copy of the Melvindale incident report of the September 15, 2011 incident. *Compare* [ECF No. 42-1, PageID.192], [ECF No. 99-1, PageID.683]. The correspondence from June, 2013 further defeats Plaintiff's claim that he was unable to timely ascertain Defendant Taft's identity.

## IV.  CONCLUSION

For these reasons, Defendant Taft's motion is GRANTED [Dock. #96], dismissing all claims against him WITH PREJUDICE.

　　　　　　　　　　　　　　　　s/R. Steven Whalen
　　　　　　　　　　　　　　　　R. STEVEN WHALEN
　　　　　　　　　　　　　　　　United States Magistrate Judge

Dated: May 27, 2020

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on May 27, 2020 electronically and/or by U.S. mail.

                                              s/Carolyn M. Ciesla
                                              Case Manager